1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAL NELKIN and MELISSA CUEVAS, individually and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>KROTO INC. d/b/a iCanvas and iCanvasArt; and LEONID OKS,<br><br>Defendants. | Case No.: 2:23-cv-08241-KK-MAA<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT [DKT. 53]**<br><br>**NOTE CHANGES BY COURT**<br><br>Assigned to Hon. Kenly Kiya Kato |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

1        This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary

2   Approval of Class Settlement ("Motion"). The Court has considered and reviewed the

3   Motion along with its accompanying declarations and other materials, and the

4   Injunctive Relief Class Settlement Agreement and its exhibits (the "Settlement

5   Agreement" or "Agreement"). The Court has also considered the arguments of counsel,

6   <span style="color:red">including at the January 16, 2025 hearing,</span> and the pleadings and records in this case.

7   As part of the Settlement Agreement, Defendants Kroto Inc. and Lenoid Oks

8   ("Defendants") agree to the certification of the Settlement Class for settlement

9   purposes only.

10       For the reasons below, the Court **GRANTS** the Motion and certifies the

11  Settlement Class for settlement purposes only.

12  **I.     FACTUAL AND PROCEDURAL BACKGROUND**

13       This action was filed on October 2, 2023 and the operative Second Amended

14  Complaint ("SAC") (Dkt. 29) was filed on May 3, 2024. In the SAC, Plaintiffs allege

15  that Defendants advertised misleading time-limited discounts and reference prices that

16  led consumers to purchase the products believing they were getting a good deal.

17  Plaintiffs allege violations of California consumer protection statutes and common law

18  claims, namely, the California Unfair Competition Law (Bus. & Prof. Code § 17200 et

19  seq.), the California False Advertising Law (Bud. & Prof. Code § 17500 et seq.), the

20  Consumer Legal Remedies Act (Cal. Civ. Code § 1750 et seq.), misrepresentation and

21  concealment, and unjust enrichment.

22       The parties engaged in litigation over a twelve-month period relating to the facts

23  and legal issues in this action. The parties participated in a full-day private mediation

24  on April 9, 2024 with Bruce Friedman, Esq. of JAMS, but the mediation was

25  unsuccessful. Prior to the mediation, the parties exchanged informal discovery and

26  prepared mediation briefs that discussed the claims and defenses in detail. The parties

27  thereafter exchanged disclosures, engaged in motion practice and in formal discovery.

28

On June 24, 2024, the Court denied Defendants' Motion to Dismiss or Alternatively Transfer. Dkt. 40. The parties then resumed settlement discussions, resulting in the instant settlement.

Before, during, and after the settlement discussions, the parties had an arms'-length exchange of sufficient information to permit Plaintiffs and Class Counsel to evaluate the claims and defenses and to meaningfully conduct informed settlement discussions. Defendants produced formal and informal discovery, including historical marketing, advertised discounts, pricing policies, and marketplace comparisons. Class Counsel represent that they spent significant time and effort analyzing these records and the underlying facts.

## II.   THE SETTLEMENT

### A.   The Proposed Settlement Class

The Settlement Agreement contemplates certification of the following Settlement Class for settlement purposes only:

> All persons in California who purchased one or more Products from www.iCanvas.com or www.iCanvasArt.com, during the Class Period, at a discount from a higher reference price.

> Excluded from the Settlement Class are governmental entities; counsel of record (and their respective law firms) for the Parties; Defendants and any of their parents, affiliates, subsidiaries, independent service providers and all of their respective employees, officers, and directors; and the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff.

Agreement ¶ 2.18.

The "Products" refers to "any and all products offered on www.iCanvas.com and www.iCanvasArt.com, including but not limited to wall art and décor, canvas art prints, posters, fine art papers, frames, and customized artwork offered on www.iCanvas.com and iCanvasArt.com." *Id.* ¶ 2.14. The "Class Period" is "January 1, 2016 through the date the Preliminary Approval Order is entered." *Id.* ¶ 2.3.

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

1

2
## B.    Injunctive Relief Benefits

3   Under the Agreement, a stipulated injunction will be entered requiring

4  Defendants to modify the advertising at issue in this case. *Id.* ¶ 3. The iCanvas website

5  will include revised pricing terminology and added disclosures. On individual product

6  listing pages where a strikethrough price or reference price is displayed, Defendants

7  agree to define and explain the strikethrough price or reference price using an adjacent

8  hyperlink entitled "Details" or similar.  Clicking on the hyperlink will explain the

9  meaning of the strikethrough price or reference price. *Id.* ¶ 3.3.

10   Further, if the advertised reference price refers to the actual or estimated price

11  charged by competing retailers for similar (but not identical) products, then Defendants

12  will replace the term "REG" with "Comparable Value," "Estimated Value," or another

13  similar term. Defendants agree not use the term "REG" without qualification unless the

14  "REG" price refers to a price charged on www.iCanvas.com for the same product. *Id.*

15  ¶ 3.2.

16
## C.    Release

17   In exchange for the injunctive relief described in the Agreement, Settlement

18  Class Members will release their claims for injunctive relief. *Id.* ¶¶ 2.15-2.17, 5.1. The

19  class release does not affect any potential claims of Settlement Class Members for

20  money damages, and expressly "exclud[es] claims to monetary relief of any kind." *Id.*

21  ¶ 2.15.

22
## D.    No Class Notice Program

23   Because the Agreement releases only the rights of the Settlement Class to seek

24  injunctive relief pursuant to Fed. R. Civ. P. 23(b)(2) and requires no release of any

25  monetary remedies or statutory damages by Settlement Class Members, notice to

26  Settlement Class Members and opt-out rights are not necessary. *Id.* ¶ 7.1. *See Padilla*

27  *v. Whitewave Foods Co.*, No. 2:18-CV-09327-SB-JC, 2021 WL 4902398, at *4 (C.D.

28

Cal. May 10, 2021) (granting preliminary approval of injunctive relief settlement and explaining "[I]n a Rule 23(b)(2) class action for injunctive relief, notice may be given but is not required.") (quotation marks omitted); *Padilla v. Whitewave Foods Co.*, No. 2:18-CV-09327-SB-JC, 2021 WL 4902387, at *1-3 (C.D. Cal. July 15, 2021) (granting final approval of settlement releasing claims for injunctive relief, holding no notice required, and awarding $220,000 attorneys' fees, plus costs and service awards); *Kline v. Dymatize Enterprises, LLC*, No. 15-CV-2348-AJB-RBB, 2016 WL 6026330, at *6 (S.D. Cal. Oct. 13, 2016) (same); *Lilly v. Jamba Juice Co.*, 2015 WL 1248027, *8-9 (N.D. Cal. March 8, 2015) (same).

### E.    Attorneys' Fees and Costs, and Class Representative Service Awards

The Settlement Agreement contemplates Class Counsel petitioning the Court for attorneys' fees and costs incurred by Class Counsel. The Settlement Agreement provides that Class Counsel may seek up to $195,000 for attorneys' fees and costs. Class Counsel will also petition the Court for $5,000 to each of the two named Plaintiffs as service awards to compensate them for their time and effort in the Action.

## III.    LEGAL STANDARD

"[I]n the context of a case in which the parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). In other words, to preliminarily approve a class settlement, a court must conduct two analyses. First, a court must find that the proposed class can be conditionally certified. To do so, the court must find that the requirements of Rule 23 are met. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 558 (9th Cir. 2019). Second, a court must determine that the proposed settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). "At the preliminary approval stage, the Court need only 'evaluate the terms of the settlement to determine whether they are within a

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

range of possible judicial approval.'" *Behfarin v. Pruco Life Ins. Co.*, No. CV 17-5290-MWF, 2019 WL 7188575, at *5 (C.D. Cal. Nov. 26, 2019).

## IV.    FINDINGS AND ORDERS

1.    Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

2.    The Settlement Agreement and the settlement set forth therein are preliminarily approved.

3.    The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting preliminary approval. In particular, the Court finds that the settlement was reached following meaningful discovery and investigation conducted by Plaintiffs; that the settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the parties; and that the terms of the settlement are in all respects fair, adequate, and reasonable.

4.    In so finding, the Court has considered the evidence presented, including the strength of Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; whether the injunctive relief proposed by the settlement accomplishes Plaintiffs' litigation objectives; the extent of investigation and discovery completed; and the experience and views of counsel. The parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the parties have agreed.

5.    The Settlement Agreement is not an admission by Defendants or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendants or any other released party. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to

carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendants or any of the released parties.

6.     The Court further finds, upon enhanced scrutiny, that the Court will likely be able to certify the Settlement Class for purposes of settlement. *See* Fed. R. Civ. P. 23(e)(1)(B)(ii). The Court preliminarily certifies the following class:

> All persons in California who purchased one or more Products from www.iCanvas.com or www.iCanvasArt.com, during the Class Period, at a discount from a higher reference price.

> Excluded from the Settlement Class are governmental entities; counsel of record (and their respective law firms) for the Parties; Defendants and any of their parents, affiliates, subsidiaries, independent service providers and all of their respective employees, officers, and directors; and the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff.

7.     The Court finds that this action is likely to be certified as a class action, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2).

8.     Pursuant to Fed. R. Civ. P. 23(a), the Court preliminarily finds for settlement purposes that: (a) the Settlement Class certified herein consists of thousands of persons, and joinder of all such persons would be impracticable; (b) there are questions of law and fact that are common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Class is superior to other available means of adjudicating this dispute; and (e) Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

9.     Pursuant to Fed. R. Civ. P. 23(b)(2), the Court finds that preliminary certification of the Settlement Class under Rule 23(b)(2) is appropriate. First, California law provides for injunctive relief, and Plaintiffs seek such relief in their complaint. Second, the injunctive relief sought applies generally to the class, as

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

1  Plaintiffs seek an order from the Court requiring Defendants to comply with the

2  relevant consumer protection laws by making changes to its advertising. This relief

3  redresses the classwide injury of allegedly misleading advertising, relief that would

4  otherwise be unobtainable absent an injunction.

5       10.    Defendants retain all rights to assert that the Action may not be certified

6  as a class action, other than for settlement purposes.

7       11.    Plaintiffs Tal Nelkin and Melissa Cuevas are suitable representatives, and

8  are hereby appointed the Class Representatives for the Settlement Class. The Court

9  finds that Plaintiffs' investment and commitment to the litigation and its outcome

10 ensured adequate and zealous advocacy for the Settlement Class, and that their interests

11 are aligned with those of the Settlement Class

12      12.    The Court appoints Alexander E. Wolf and Milberg Coleman Bryson

13 Phillips Grossman PLLC as Settlement Class Counsel. The Court finds that counsel

14 have experience litigating, certifying, and settling class actions, and will serve as

15 adequate counsel for the Settlement Class conditionally certified by this Order.

16      13.    "When a class is certified under Rule 23(b)(2) and only provides for

17 injunctive relief, no notice of class certification is required." *Kline*, No. 15-CV-2348-

18 AJB-RBB, 2016 WL 6026330, at \*6; *Padilla*, 2021 WL 4902398, at \*4 (same). Here,

19 notice to the Settlement Class of the settlement is not necessary because under the

20 settlement, the Settlement Class releases only those claims they may have for injunctive

21 relief—relief they will receive through the settlement—but not claims for money

22 damages. The Court therefore exercises its discretion and does not direct notice because

23 the settlement does not alter the unnamed class members' legal rights. *Id.*; *Lilly*, 2015

24 WL 1248027, at \*8–9 (concluding that class notice of settlement not necessary because

25 "even if notified of the settlement, the settlement class would not have the right to opt

26 out from the injunctive settlement and the settlement does not release the monetary

27 claims of class members").

28

- 8 -

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

14.   Given the injunctive nature of the settlement, there is no right for the Settlement Class members to opt out or otherwise exclude themselves from the Settlement Agreement.  All Settlement Class Members will be bound by the Settlement Agreement and the Final Approval Order, including the releases, if the settlement is finally approved by this Court.

15.   The Court will hold a hearing on entry of final approval of the settlement, an award of fees and expenses to Class Counsel, and service awards to the Class Representatives, on **March 27, 2025** **at 9:30 a.m.** in Courtroom 3 of the United States District Court for the Central District of California, located at 3470 12th Street, 3rd Floor, Riverside, CA 92501. At the final approval hearing, the Court will consider: (a) whether the settlement should be approved as fair, reasonable, and adequate for the Settlement Class, and judgment entered on the terms stated in the settlement; and (b) whether Plaintiffs' application for an award of attorney fees and expenses to Class Counsel and service awards to Class Representatives should be granted.

16.   On or before **February 27, 2025**, Settlement Class Counsel shall submit (1) papers in support of final approval and certification of the Settlement Class, designation of Plaintiffs as the representatives of the Settlement Class, and the appointment of Settlement Class Counsel as counsel for the Settlement Class, and (2) papers in support of Settlement Class Counsel's application for an award of attorneys' fees and expenses and an incentive payment for Plaintiffs.

17.   The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.   The Court may approve the settlement, with such modification as may be agreed to by the parties, if appropriate without further notice to the Settlement Class.

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

18.    All other case deadlines in this Action are vacated, except as may be necessary to implement the terms of the settlement. Pending final determination of whether the settlement should be approved, Plaintiffs, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Defendants any action or proceeding in any court, forum, or tribunal asserting any of the Released Claims.

**IT IS SO ORDERED.**

Dated:  January 16, 2025

_____
HONORABLE KENLY KIYA KATO
Unites States District Judge

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT