# EXHIBIT 1
# (Settlement)

## INJUNCTIVE RELIEF CLASS SETTLEMENT AGREEMENT

This Class Settlement Agreement ("Agreement") is entered into by and between: (1) Plaintiffs Tal Nelkin and Melissa Cuevas (collectively, "Plaintiffs" or "Settlement Class Representatives"), for themselves and on behalf of the Settlement Class; and (2) Defendants Kroto Inc. and Leonid Oks (collectively, "Defendants" or "iCanvas").

## 1.    RECITALS

**1.1**    Plaintiffs allege that, during the Class Period, Defendants deceptively advertised the discounts and sale prices for the products on their website, www.iCanvas.com. Based on these allegations, the Action was filed on October 2, 2023 and the operative Second Amened Class Action Complaint (Dkt. 29) was filed on May 3, 2024.  The Action alleged violations of California consumer protection statutes and common law claims, namely, the California Unfair Competition Law (Bus. & Prof. Code § 17200 et seq.), the California False Advertising Law (Bud. & Prof. Code § 17500 et seq.), the Consumer Legal Remedies Act (Cal. Civ. Code § 1750 et seq.), misrepresentation and concealment, and unjust enrichment.

**1.2**    Plaintiffs and Settlement Class Counsel believe that the claims have merit. However, Plaintiffs and Settlement Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims through trial, appeals, and ancillary actions.  They also have taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such litigation.  They believe that the settlement set forth in this Agreement confers substantial benefits upon the Settlement Class. Based upon their evaluation, they have determined that the settlement set forth in this Agreement is in the best interest of the Settlement Class.

**1.3**    Defendants have denied and continue to deny all liability with respect to any and all of the Released Claims and the facts alleged in support thereof and have denied and continue to deny all charges of wrongdoing or liability arising out of or relating to any conduct, acts, or omissions alleged or that could have been alleged.  Defendants' willingness to resolve the Released Claims on the terms and conditions embodied in this Agreement is based on, among other things, the time and expense associated with litigating the Released Claims through trial

1

and any appeals, the benefits of resolving the Released Claims, and the uncertainty and risks inherent in any litigation.

1.4     This Agreement is the product of extensive, arms-length, and vigorously-contested settlement discussions. The Parties engaged in litigation over a twelve-month period relating to the facts and legal issues in this action. The Parties participated in a full-day private mediation on April 9, 2024 with Bruce Friedman, Esq. of JAMS in hopes of resolving the Action at an early stage, but the mediation was unsuccessful. Prior to the mediation, the Parties prepared extensive mediation briefs that discussed the claims and defenses in detail, and exchanged related documents and information. The Parties thereafter engaged in disclosures, motion practice and discovery, before reaching the instant Agreement to resolve this Action.

1.5     Before, during, and after the settlement discussions, the Parties had an arms'-length exchange of sufficient information to permit the Settlement Class Representatives and Settlement Class Counsel to evaluate the claims and potential defenses and to meaningfully conduct informed settlement discussions. Defendants produced formal and informal discovery, including historical marketing, advertised discounts, pricing policies, and marketplace comparisons.  Settlement Class Counsel represents that they spent significant time and effort analyzing these records and the underlying facts.

1.6     Based on the above-described investigation and litigation, the current state of the law, the expense, burden and time necessary to prosecute the Action through trial and possible appeals, the risks and uncertainty of further prosecution of this Action considering the claims and defenses at issue, the sharply contested legal and factual issues involved, and the relative benefits to be conferred upon Plaintiffs and the Settlement Class Members pursuant to this Agreement, Settlement Class Counsel has concluded that a Settlement with Defendants on the terms set forth herein is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of all known facts and circumstances.

1.7     **NOW THEREFORE**, subject to Court approval, as hereinafter provided, it is hereby stipulated and agreed by the Parties that, in consideration of the promises and covenants

set forth in this Agreement, the claims shall be settled and compromised upon the terms and conditions contained herein.

## 2.    DEFINITIONS

The definitions contained herein shall apply only to this Agreement and shall not apply to any other agreement, including, without limitation, any other settlement agreement, nor shall they be used as evidence, except with respect to this Agreement, of the meaning of any term. Furthermore, each defined term stated in a singular form shall include the plural form, and each defined term stated in a plural form shall include the singular form.  As used in this Agreement, in addition to any definitions elsewhere in this Agreement, the following terms shall have the meanings set forth below:

2.1    **"Action"** means and refers to the putative class action lawsuit pending in the United States District Court for the Central District of California entitled *Tal Nelkin and Melissa Cuevas v. Kroto Inc. d/b/a iCanvas and iCanvasArt et al.*, Case No. 2:23-cv-08241-KK-MAA (C.D Cal.).

2.2    **"Agreement"** means and refers to this settlement agreement.

2.3    **"Class Period"** means and refers to the period January 1, 2016 through the date the Preliminary Approval Order is entered.

2.4    **"Class Representatives," "Settlement Class Representatives,"** and **"Plaintiffs"** means and refers to Tal Nelkin and Melissa Cuevas.

2.5    **"Complaint"** means and refers to the Second Amended Class Action Complaint (Dkt. 29) in this Action.

2.6    **"Court"** means and refers to the United States District Court for the Central District of California.

2.7    **"Defendants"** means and refers to Kroto Inc. and Leonid Oks.

2.8    **"Final Approval Hearing"** means and refers to the hearing that is to take place after the entry of a Preliminary Approval Order for purposes of: (i) determining whether the Agreement should be approved as fair, reasonable, and adequate, and in the best interest of the

Settlement Class members; (ii) entering the Final Approval Order; and (iii) ruling upon an application for an award of attorneys' fees, costs, and service awards.

**2.9**    **"Final Approval Order"** means and refers to the Court's judgment and order(s) granting final approval to the settlement and awarding any attorneys' fees, costs, and service awards.

**2.10**    **"Final Effective Date"** means and refers to the latest of the following:  (i) the date of final affirmance of the Final Approval Order following any and all appeals of such Order (if no further timely appeals are filed); (ii) the date of final dismissal with prejudice of any and all appeals from the Final Approval Order (if no further timely appeals are filed); and (iii) if no appeal is filed or following the affirmance of the Final Approval Order or dismissal of any appeal challenging the Final Approval Order, the expiration date of the time for filing or noticing any valid appeal (or further appeal) from the Final Approval Order.

**2.11**    **"Parties"** means and refers to Defendants and the Settlement Class Representatives.

**2.12**    **"Person"** means and refers to any individual, proprietorship, corporation, partnership, association, trustee, unincorporated association, or any other type of legal entity.

**2.13**    **"Preliminary Approval Order"** means and refers to the Court's order granting preliminary approval of this Agreement.

**2.14**    **"Products"** means and refers to any and all products offered on [www.iCanvas.com](www.iCanvas.com) and www.iCanvasArt.com, including but not limited to wall art and décor, canvas art prints, posters, fine art papers, frames, and customized artwork offered on www.iCanvas.com and iCanvasArt.com.

**2.15**    **"Released Claims"** means and refers to any and all right to injunctive relief, regardless of legal basis (i.e., constitutional, federal, state, local, or administrative) and on account of any and all claims, suits, obligations, or cause of actions of every kind and/or nature whatsoever, whether now known or unknown, suspected or unsuspected, asserted or unasserted, latent or patent, at law or in equity, which any Releasing Party now has or may have, which in any way arises out of, is based on, or relates in any way to (i) the advertised discounts for the

4

Products; (ii) the advertised comparison between the sale prices and regular prices for the Products; and/or (iii) the claims or allegations asserted in the operative Complaint filed in this Action. For clarity, the Released Claims are limited to injunctive relief and *exclude* claims to monetary relief of any kind.

2.16 **"Releasing Parties"** means and refers to the Settlement Class and its members, and their predecessors, successors, spouses, heirs, assigns, insurers, and any other Persons claiming by or through the Settlement Class, in their capacities as such.

2.17 **"Released Parties"** means and refers to Defendants and their present and former parents, divisions, affiliates, subsidiary companies, predecessors, successors, assigns, joint venturers, partners, shareholders, officers, directors, employees, agents, trustees, representatives, attorneys, and insurers.

2.18 **"Settlement Class"** and **"Settlement Class Member(s)"** means and refers to all persons in California who purchased one or more Products from www.iCanvas.com or www.iCanvasArt.com, during the Class Period, at a discount from a higher reference price. Excluded from the Settlement Class are governmental entities; counsel of record (and their respective law firms) for the Parties; Defendants and any of their parents, affiliates, subsidiaries, independent service providers and all of their respective employees, officers, and directors; and the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff.

2.19 **"Settlement Class Counsel"** and **"Class Counsel"** mean and refer to Alexander E. Wolf, Gary M. Klinger, and Milberg Coleman Bryson Phillips Grossman, PLLC.

3. **INJUNCTIVE RELIEF**

3.1 Defendants will provide the Settlement Class with mandatory injunctive relief by way of modifications to www.iCanvas.com as set forth below.

3.2 **Changed Pricing Terminology**. If the advertised reference price refers to the actual or estimated price charged by competing retailers for similar (but not identical) products, then Defendants will replace the term "REG" with "Comparable Value," "Estimated Value," or

another similar term. Defendants shall not use the term "REG" without qualification unless the REG price refers to a price charged at times on www.iCanvas.com for the same product.

**3.3    Website Pricing Disclosure**.  On individual product listing pages where a strikethrough price or reference price is displayed, Defendants agree to define and explain the strikethrough price or reference price using an adjacent hyperlink entitled "Details" or similar. Clicking a user's mouse pointer on the hyperlink shall lead to a page explaining the meaning of the strikethrough price or reference price.

The following example is a sufficient "Comparable Value" disclosure: "Our Comparable Value price represents the price for a similar product charged by a competing retailer in the past 12 months, including brick-and-mortar stores, specialty stores, and online. You are not paying that price when you shop with us.  Instead, you are paying the lower price noted. Products may be offered at the same or lower 'sale' prices during future promotional events beginning on or after the last day of any advertised promotion. We encourage you to do your own comparison shopping to see what a great value we offer."

The following example is a sufficient "Estimated Value" disclosure: "Our Estimated Value price represents our estimate of the full price at least one competing retailer would charge for a similar product, including at brick-and-mortar stores. You are not paying that price when you shop with us.  Instead, you are paying the lower price noted. The Estimated Value price may not reflect the prevailing market price or a former price listed on our website. Products may be offered at the same or lower 'sale' prices during future promotional events beginning on or after the last day of any advertised promotion. We encourage you to do your own comparison shopping to see what a great value we offer."

**3.4    Changes to Advertising**.  Defendants may revise and/or remove the foregoing disclosures if Defendants (1) no longer advertise strikethrough prices or reference prices, or (2) change the meaning of strikethrough prices or reference prices.  Defendants agree that any future changes shall comply with Cal. Bus. & Prof. Code § 17501 so long as products are sold to California residents.

**3.5     Timing and Implementation**.  Defendants shall have three (3) months from the Final Effective Date to implement the injunctive relief. Defendants shall be responsible for all costs, if any, to implement the injunctive relief. The injunction shall remain in effect until such time Defendants cease advertising reference prices or seek relief from the Court limiting or eliminating their obligations under the stipulated injunction herein based upon a change in the applicable law.

**4.     ATTORNEYS' FEES AND COSTS/EXPENSES; INCENTIVE PAYMENT**

**4.1     Attorneys' Fees, Costs, and Expenses**.  Settlement Class Counsel shall submit a request for approval of an award of attorneys' fees and costs/expenses not to exceed the total aggregate sum of $195,000 to compensate them for their work on behalf of the Settlement Class. Defendants will not object to this request so long as the aggregate sum does not exceed $195,000. Settlement Class Counsel agree they will not seek or accept attorneys' fees or costs/expenses in excess of this sum for work in this Action in the event this Agreement is approved by the Court.  However, this Agreement is not contingent on the Court awarding the full amount of attorneys' fees and costs/expenses requested by Settlement Class Counsel, and the Agreement shall be effective and settlement hereinunder shall proceed regardless of the actual amount awarded by the Court.  Defendants shall wire to Settlement Class Counsel the awarded attorneys' fees and costs/expenses in three equal installments pursuant to the following schedule: (1) the first payment will be made within 28 days after entry of the Final Approval Order, (2) the second payment will be made one year after the first payment, and (3) the third payment will be made one year after the second payment. Settlement Class Counsel shall provide wire instructions to Defendants' counsel.

**4.2     Service Award/General Release Payment To Settlement Class Representatives**.  In connection with the Final Approval Hearing, Settlement Class Counsel shall submit a request to the Court seeking approval of a service award/general release payment to the Settlement Class Representatives not to exceed $5,000 to each Settlement Class Representative (for a total of $10,000). Defendants will not object to this request so long as the aggregate sum does not exceed $10,000.  However, this Agreement is not contingent on the

Court awarding the full amount of the service award payments requested, and the Agreement shall be effective and settlement hereinunder shall proceed regardless of the actual amount awarded by the Court. Defendants shall wire the service awards payments to Settlement Class Counsel within 28 days of entry of the Final Approval Order. Settlement Class Counsel shall provide wire instructions to Defendants' counsel. Settlement Class Counsel shall be responsible for transmitting the service award/general release payments to Plaintiffs upon receipt and for providing any required tax forms associated with the payments.

**4.3** **Miscellaneous**. Except as provided herein, each Settlement Class member shall bear his/her/its own attorneys' fees, costs, and expenses incurred in connection with any Released Claim against Defendants.

**5.** **RELEASE**

**5.1** **Release of Defendants by Settlement Class Members for Injunctive Relief**. As of the Final Effective Date, except for the obligations and rights created by this Agreement, the Releasing Parties hereby release and absolutely and forever discharge Defendants and all Released Parties from any and all Released Claims. The Final Approval Order shall include this release, including the definitions of the capitalized terms.

**5.2** **Release of Defendants by Plaintiffs**. As of the Final Effective Date, except for the obligations and rights created by this Agreement, Plaintiffs hereby release and absolutely and forever discharge Defendants and all Released Parties from any claim, liability, right, demand, suit, matter, obligation, lien, damage, punitive damage, exemplary damage, penalty, loss, cost, expense, debt, action, or cause of action, of every kind and/or nature whatsoever, whether now known or unknown, suspected or unsuspected, asserted or unasserted, latent or patent, which he or she now has, or at any time ever had, regardless of legal theory or type or amount of relief or damages claimed, existing as of the Preliminary Approval Date, on the basis of or arising from the representations, advertising, marketing and/or sales on www.iCanvas.com, during the Class Period, which were alleged in the operative Complaint, or which arise from or relate to the facts and claims alleged in the Action.

**5.3** **Plaintiffs' Release of Unknown Claims Pursuant to Civil Code Section 1542**. Plaintiffs expressly understand and acknowledge that certain principles of law, including but not limited to Section 1542 of the Civil Code of the State of California, provide that:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs hereby agree that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles, are hereby knowingly and voluntarily waived, relinquished and released by Plaintiffs.

**5.4** **Release of Settlement Class Members, Class Representatives, and Class Counsel**.  As of the Final Effective Date, except for the obligations and rights created by this Agreement, Defendants hereby release and absolutely and forever discharge Settlement Class Members, Class Representatives, and Class Counsel from any claim, liability, right, demand, suit, matter, obligation, lien, damage, punitive damage, exemplary damage, penalty, loss, cost, expense, debt, action, or cause of action, of every kind and/or nature whatsoever, whether now known or unknown, suspected or unsuspected, asserted or unasserted, latent or patent, which he, she, or it now has, or at any time ever had, regardless of legal theory or type or amount of relief or damages claimed, on the basis of, connected with, arising from, or in any way relating to the institution or prosecution of the Action.

Defendants expressly understand and acknowledge that certain principles of law, including but not limited to Section 1542 of the Civil Code of the State of California, provide that:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF

KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Defendants hereby agree that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles are hereby knowingly and voluntarily waived, relinquished and released by Defendants.

## 6.    COURT APPROVAL OF THE SETTLEMENT

**6.1    Preliminary Approval**.  Following the execution of this Agreement, Plaintiffs shall move the Court for an order, that, in accordance with this Agreement and for settlement purposes only: (i) conditionally certifies the Settlement Class; (ii) preliminarily approves this settlement; (iii) appoints Plaintiffs as Settlement Class Representatives; and (iv) appoints Plaintiffs' counsel as Settlement Class Counsel.  In connection therewith, Settlement Class Counsel shall submit to the Court a mutually-acceptable proposed Preliminary Approval Order substantially in the form of the attached **Exhibit A**.

**6.2    Stay of Case Deadlines Pending Consideration of Proposed Settlement**. Plaintiffs and Defendants agree that all pending case deadlines are stayed or vacated, other than deadlines relating to settlement. The Parties agree to execute any stipulation or other document needed to stay and/or extend case deadlines while the settlement is pending before the Court.  If the settlement does not achieve its Final Effective Date, and provided the Parties are not actively negotiating to address any issue required to seek further consideration of the proposed settlement or any modified settlement, then the Parties shall move the Court to restore the status quo prior to the Parties' Agreement to resolve the Action.

**6.3    Final Approval**.  Plaintiffs shall timely move the Court for final approval of this Agreement.  In connection therewith, Settlement Class Counsel shall submit to the Court a mutually acceptable proposed Final Approval Order.

## 7.    NO CLASS NOTICE PROGRAM

**7.1    No Mandatory Notice to Settlement Class Members.** Because the Agreement releases only the rights of the Settlement Class to seek injunctive relief pursuant to Fed. R. Civ. P. 23(b)(2) and requires no release of any monetary remedies or statutory damages by Settlement

Class Members, the Parties agree that notice to Settlement Class Members and opt-out rights are not necessary.

       **7.2**     **CAFA Notice**.  Defendants shall be responsible for timely compliance with all CAFA notice requirements, if any, namely mailed notice to appropriate federal and state officials in the United States as provided for by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b). Defendants shall bear any costs associated with effectuating CAFA notice.

**8.**     **EXCLUSIONS**

       **8.1**     **No Right To Opt Out**.  The Parties agree that, given the injunctive nature of settlement, there is no right for Settlement Class Members to opt out or otherwise exclude themselves from the Agreement.

**9.**     **SETTLEMENT TERMINATION**

       **9.1**     **Termination Prior To The Final Effective Date**.  Except as otherwise provided herein, if, prior to the Final Effective Date, the Court does not approve within a reasonable time and/or denies preliminary or final approval of the settlement, Settlement Class Counsel and/or Defendants shall have the right to terminate this Agreement as set forth in Section 9.3.

       **9.2**     **Termination After Appeal**.  If a court declares unenforceable, reverses, vacates, or modifies on appeal any aspect of this Agreement in what Settlement Class Counsel and/or Defendants reasonably determine to be a material way, then Settlement Class Counsel and/or Defendants may terminate this Agreement as set forth in Section 9.3.

       **9.3**     **Termination Procedure And Effect**.  Any election of the right to terminate this Agreement may be done only by giving written notice to all counsel of record.  Notice of termination pursuant to Section 9.1 must be given prior to the Final Effective Date.  However, Settlement Class Counsel and Defendants may agree in writing to extend these deadlines and shall agree to do so if the parties are actively engaged in meet and confer discussions regarding the order and possible modification of the settlement to address the issue raised or any party indicates its intent to seek further review of the order (pending the results of such review).  If any Party terminates this Agreement pursuant to Section 9.1, the termination shall void all of the rights, obligations, and releases under this Agreement, except for those provisions of this

11

Agreement that are necessary to effectuate the termination.  In the event of termination by Settlement Class Counsel, any attorneys' fees paid in connection with this settlement by Defendants shall be returned to Defendants.

10.    **SETTLEMENT PURPOSES ONLY**

10.1    **General**.  This Agreement is for settlement purposes only.

10.2    **No Admissions**.  This Agreement, any negotiations, proceedings, documents or anything else related to this Agreement, its implementation, or its judicial approval (as well as the fact of this settlement and any acts or documents related to the settlement or its implementation) shall not be construed as, or deemed to be evidence of, any admission or concession by any of the Released Parties regarding the claims in dispute.  By entering into this Agreement, it is understood that the Released Parties do not admit and expressly deny that they have breached any duty, obligation, or agreement; deny that they have engaged in any illegal, tortious, or wrongful activity; deny that they are liable to any member of the Settlement Class or any other Person; and/or deny that any injury has been sustained by any member of the Settlement Class or by any other Person in any way arising out of or relating to the alleged conduct.  This Agreement, any negotiations, proceedings, documents or anything else related to this Agreement, its implementation, or its judicial approval (as well as the fact of this settlement and any acts or documents related to the settlement or its implementation) shall not be construed as, or deemed to be evidence of, any admission or concession by any of the Released Parties or any other Person regarding any matter, including, without limitation, the absence or presence of liability, the absence or presence of injury, or the propriety or impropriety of class treatment.

10.3    **Permissible Uses Of Agreement/Fact Of Settlement**.  This Agreement, any negotiations, proceedings, or documents related to the Agreement, its implementation, or its judicial approval (as well as the fact of this Agreement and any acts or documents related to the Agreement or its implementation) cannot be asserted or used by any Person to support a contention that class certification is proper or improper or that liability does or does not exist, or for any other reason, in the above-captioned action or in any other proceedings; provided, however, Settlement Class Members, Settlement Class Counsel, Defendants, other Released

12

Parties, and any other Person who is the beneficiary of a release set forth herein, may reference and file this Agreement, and any resulting Order or Judgment, with the Court, or any other tribunal or proceeding, in connection with the implementation or enforcement of its terms (including but not limited to the releases granted herein, or any dispute related thereto).

10.4    **Conditional Certification**.  The Parties hereby agree, solely for purposes of this settlement, to the certification of an injunctive relief Settlement Class, to the conditional appointment of Settlement Class Counsel and to the conditional approval of Plaintiffs as suitable Settlement Class Representatives.  However, if the Court ultimately does not grant final approval of the proposed settlement, or if the Final Effective Date does not occur, then Parties will resume the litigation of the Action without prejudice to its procedural status as of the date of this Agreement, and Defendants and all other Persons retain all rights they had immediately preceding this Agreement to object to the maintenance of this Action as a class action and, in any event, nothing in this Agreement or in any other papers or proceedings relating to the settlement shall be used as evidence or argument by or against any Party concerning the propriety of class certification in this or any other proceeding.

## 11.    JURISDICTION

11.1    **Continuing Jurisdiction.**  To the fullest extent permitted, the Court has, and shall continue to have, jurisdiction to make any orders as may be appropriate to effectuate, consummate, and enforce the terms of this Agreement, and to supervise the administration of this Agreement.

## 12.    NOTICES

12.1    **Designated Recipients**.  Unless otherwise specified in this Agreement or agreed to in writing by the party receiving such communication, all notices, requests, or other required communications hereunder shall be in writing and shall be sent by one of the following methods: (i) by registered or certified, first class mail, postage prepaid; or (ii) by personal delivery (including by Federal Express or other courier service).  All such communications shall be sent to the undersigned persons at their respective addresses as set forth herein, with a copy by email.

Settlement Class Counsel:

13

Alexander E. Wolf
awolf@milberg.com
**Milberg Coleman Bryson Phillips
Grossman, PLLC**
280 South Beverly Drive, Penthouse
Beverly Hills, California 90212
Tel: 872-365-7060

Defendants:
Brian J. Hembd
bhembd@dickinsonwright.com
**Dickinson Wright PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000

Notice shall be deemed effective on the date of mailing or when delivery is refused.

**13.    MISCELLANEOUS**

**13.1    Entire Agreement**.  This Agreement supersedes and replaces any and all other prior agreements and all negotiations leading up to the execution of this Agreement, whether oral or in writing, between the Parties with respect to the subject matter hereof.  The Parties acknowledge that no representations, inducements, promises, or statements, oral or otherwise, have been made or relied upon by any of the Parties or by anyone acting on behalf of the Parties which are not embodied or incorporated by reference herein, and further agree that no other covenant, representation, inducement, promise, or statement not set forth in writing in this Agreement shall be valid or binding.

**13.2    Modification Or Amendment**.  This Agreement may not be modified or amended except in a writing signed by the Settlement Class Representatives and Defendants, and, if after the entry of the Preliminary Approval Order, the written modification must also be approved by the Court. This provision shall not preclude the reasonable extension of deadlines, which shall not require Court approval, provided the extension does impact a scheduled hearing or other date affixed by Court order.

**13.3    Execution In Counterparts**.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original.

**13.4    Authority Of Counsel**.  Settlement Class Counsel is authorized by the members of the Settlement Class, and by the Court, to take all appropriate action required and permitted to be taken by the Settlement Class pursuant to this Agreement to effectuate its terms.

**13.5    Headings**.   The headings of the sections, paragraphs, and subparagraphs of this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

**13.6    Cooperation And Further Acts**.  The Parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the settlement, including without limitation, in seeking preliminary approval and final approval of the Agreement, carrying out the terms of this Agreement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final Court approval of the settlement.  The Parties shall cooperate in good faith and undertake all reasonable actions and steps to accomplish the events described in this Agreement.

**13.7    Heirs, Successors, And Assignees**.  This Agreement shall be binding upon and shall inure to the benefit of the Parties' heirs, successors, and assignees.

**13.8    Time Periods**.  The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Settlement Class Counsel and Defendants' counsel, without notice to Settlement Class members.

**13.9    Warranty Re Advice**.  Settlement Class Counsel warrants that the Settlement Class Representatives have been fully advised of and agree to the terms of this Agreement.  The Parties hereby acknowledge that they have been represented by independent legal counsel throughout all negotiations which preceded the execution of this Agreement, and that this Agreement has been executed with the consent and on the advice of said counsel.

**13.10    Tax Consequences**.  No opinion concerning the tax consequences of this Settlement to any member of the Settlement Class is given or will be given by Defendants, Defendants' counsel, or Class Counsel. Each Party and Settlement Class member is responsible for his/her/its taxes or tax reporting and other obligations respecting the Settlement, if any.

15

Docusign Envelope ID: 9FDA59A8-374B-4DDE-9520-71B57038B978

**13.11   Governing Law**. This Agreement shall be governed by, construed, and interpreted and the rights of the Parties determined in accordance with the laws of the State of California.

**CLASS REPRESENTATIVES AND CLASS COUNSEL**:

Dated:  October _____, 2024          By:  _____
                                          Tal Nelkin, individually and on
                                          behalf of the Settlement Class

Dated:  October _18_, 2024           By:  _____
                                          Melissa Cuevas (Oct 18, 2024 14:30 PDT)
                                          Melissa Cuevas, individually and on
                                          behalf of the Settlement Class

Dated:  October _18_, 2024           MILBERG COLEMAN BRYSON PHILLIPS
                                     GROSSMAN PLLC

                                     By:  _____
                                          Alexander E. Wolf
                                          Attorneys for Plaintiffs

16

**13.11  Governing Law**. This Agreement shall be governed by, construed, and interpreted and the rights of the Parties determined in accordance with the laws of the State of California.

**CLASS REPRESENTATIVES AND CLASS COUNSEL**:

Dated:  October ~~19~~, 2024          By: _Tal Nelkin_____
                                          Tal Nelkin (Oct 19, 2024 16:39 PDT)
                                          Tal Nelkin, individually and on
                                          behalf of the Settlement Class

Dated:  October _____, 2024          By: _____
                                          Melissa Cuevas, individually and on
                                          behalf of the Settlement Class

Dated:  October _____, 2024          MILBERG COLEMAN BRYSON PHILLIPS
                                     GROSSMAN PLLC

                                     By: _____
                                          Alexander E. Wolf
                                          Attorneys for Plaintiffs

16

## DEFENDANTS AND COUNSEL FOR DEFENDANTS:

10/21/2024

Dated: October _____, 2024

KROTO INC.

By: _____
Patrick Kim

Name: _____
Patrick Kim

Title: _____
CEO

10/24/2024

Dated: October _____, 2024

By: _____

Leonid Oks

10/24/2024

Dated: October _____, 2024

DICKINSON WRIGHT PLLC

By: _____

Brian J. Hembd
Attorneys for Defendants

17