# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAL NELKIN and MELISSA CUEVAS, individually and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>KROTO INC. d/b/a iCanvas and iCanvasArt; and LEONID OKS,<br><br>Defendants. | Case No.: 2:23-cv-08241-KK-MAA<br><br>**ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS [DKT. 66]**<br><br>Assigned to Hon. Kenly Kiya Kato |

This matter is before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Settlement, Attorneys' Fees, Costs, and Service Awards ("Motion"). The Court has considered and reviewed the Motion along with its accompanying declarations and other materials, and the Injunctive Relief Class Settlement Agreement and its exhibits (the "Settlement Agreement" or "Agreement"). The Court has also considered the arguments of counsel and the pleadings and records in this case. As part of the Settlement Agreement, Defendants Kroto Inc. and Lenoid Oks ("Defendants") agree to the certification of the Settlement Class for settlement purposes only.

For the reasons below, the Court **GRANTS** the Motion, finally certifies the Settlement Class, awards reasonable attorneys' fees, costs, and service awards, and enters Final Judgment.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This action was filed on October 2, 2023 and the operative Second Amended Complaint ("SAC") (Dkt. 29) was filed on May 3, 2024. In the SAC, Plaintiffs allege that Defendants advertised misleading time-limited discounts and reference prices that led consumers to purchase the products believing they were getting a good deal. Plaintiffs allege violations of California consumer protection statutes and common law claims, namely, the California Unfair Competition Law (Bus. & Prof. Code § 17200 et seq.), the California False Advertising Law (Bud. & Prof. Code § 17500 et seq.), the Consumer Legal Remedies Act (Cal. Civ. Code § 1750 et seq.), misrepresentation and concealment, and unjust enrichment.

The parties engaged in litigation over a twelve-month period relating to the facts and legal issues in this action. The parties participated in a full-day private mediation on April 9, 2024 with Bruce Friedman, Esq. of JAMS, but the mediation was unsuccessful. Prior to the mediation, the parties exchanged informal discovery and prepared mediation briefs that discussed the claims and defenses in detail. The parties thereafter exchanged disclosures, engaged in motion practice and in formal discovery.

On June 24, 2024, the Court denied Defendants' Motion to Dismiss or Alternatively Transfer. Dkt. 40. The parties then resumed settlement discussions, resulting in the instant settlement.

Before, during, and after the settlement discussions, the parties had an arms'-length exchange of sufficient information to permit Plaintiffs and Class Counsel to evaluate the claims and defenses and to meaningfully conduct informed settlement discussions. Defendants produced formal and informal discovery, including historical marketing, advertised discounts, pricing policies, and marketplace comparisons. Class Counsel represent that they spent significant time and effort analyzing these records and the underlying facts.

On January 16, 2025, the Court granted preliminary approval of the Settlement. Dkt. 65.

## II.   THE SETTLEMENT

### A.   The Settlement Class

The Settlement Agreement contemplates certification of the following Settlement Class for settlement purposes only:

> All persons in California who purchased one or more Products from www.iCanvas.com or www.iCanvasArt.com, during the Class Period, at a discount from a higher reference price.
>
> Excluded from the Settlement Class are governmental entities; counsel of record (and their respective law firms) for the Parties; Defendants and any of their parents, affiliates, subsidiaries, independent service providers and all of their respective employees, officers, and directors; and the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff.

Agreement ¶ 2.18.

The "Products" refers to "any and all products offered on www.iCanvas.com and www.iCanvasArt.com, including but not limited to wall art and décor, canvas art prints, posters, fine art papers, frames, and customized artwork offered on www.iCanvas.com

and iCanvasArt.com." *Id.* ¶ 2.14. The "Class Period" is "January 1, 2016 through the date the Preliminary Approval Order is entered." *Id.* ¶ 2.3. The Preliminary Approval Order was entered January 16, 2025.

**B.     Injunctive Relief Benefits**

Under the Agreement, a stipulated injunction will be entered requiring Defendants to modify the advertising at issue in this case. *Id.* ¶ 3. The iCanvas website will include revised pricing terminology and added disclosures. On individual product listing pages where a strikethrough price or reference price is displayed, Defendants agree to define and explain the strikethrough price or reference price using an adjacent hyperlink entitled "Details" or similar. Clicking on the hyperlink will explain the meaning of the strikethrough price or reference price. *Id.* ¶ 3.3.

Further, if the advertised reference price refers to the actual or estimated price charged by competing retailers for similar (but not identical) products, then Defendants will replace the term "REG" with "Comparable Value," "Estimated Value," or another similar term. Defendants agree not use the term "REG" without qualification unless the "REG" price refers to a price charged on www.iCanvas.com for the same product. *Id.* ¶ 3.2.

**C.     Release**

In exchange for the injunctive relief described in the Agreement, Settlement Class Members will release their claims for injunctive relief. *Id.* ¶¶ 2.15-2.17, 5.1. The class release does not affect any potential claims of Settlement Class Members for money damages, and expressly "exclud[es] claims to monetary relief of any kind." *Id.* ¶ 2.15. The release is repeated in relevant part below:

> "Released Claims" means and refers to any and all right to injunctive relief, regardless of legal basis (i.e., constitutional, federal, state, local, or administrative) and on account of any and all claims, suits, obligations, or cause of actions of every kind and/or nature whatsoever, whether now known or unknown, suspected or unsuspected, asserted or unasserted, latent or patent, at law or in equity, which any Releasing Party now has or may have, which in any way arises out of, is based on, or relates in any way to (i) the advertised

discounts for the Products; (ii) the advertised comparison between the sale prices and regular prices for the Products; and/or (iii) the claims or allegations asserted in the operative Complaint filed in this Action. For clarity, the Released Claims are limited to injunctive relief and exclude claims to monetary relief of any kind.

*Id.*

### D. No Class Notice Program

Because the Agreement releases only the rights of the Settlement Class to seek injunctive relief pursuant to Fed. R. Civ. P. 23(b)(2) and requires no release of any monetary remedies or statutory damages by Settlement Class Members, notice to Settlement Class Members and opt-out rights are not necessary. *Id.* ¶ 7.1. *See Padilla v. Whitewave Foods Co.*, No. 2:18-CV-09327-SB-JC, 2021 WL 4902398, at *4 (C.D. Cal. May 10, 2021) (granting preliminary approval of injunctive relief settlement and explaining "[I]n a Rule 23(b)(2) class action for injunctive relief, notice may be given but is not required.") (quotation marks omitted); *Padilla v. Whitewave Foods Co.*, No. 2:18-CV-09327-SB-JC, 2021 WL 4902387, at *1-3 (C.D. Cal. July 15, 2021) (granting final approval of settlement releasing claims for injunctive relief, holding no notice required, and awarding $220,000 attorneys' fees, plus costs and service awards); *Kline v. Dymatize Enterprises, LLC*, No. 15-CV-2348-AJB-RBB, 2016 WL 6026330, at *6 (S.D. Cal. Oct. 13, 2016) (same); *Lilly v. Jamba Juice Co.*, 2015 WL 1248027, *8-9 (N.D. Cal. March 8, 2015) (same).

### E. Attorneys' Fees and Costs, and Class Representative Service Awards

The Settlement Agreement contemplates Class Counsel petitioning the Court for attorneys' fees and costs incurred by Class Counsel. The Settlement Agreement provides that Class Counsel may seek up to $195,000 for attorneys' fees and costs. Class Counsel will also petition the Court for $5,000 to each of the two named Plaintiffs as service awards to compensate them for their time and effort in the Action.

## III. LEGAL STANDARD

"[I]n the context of a case in which the parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

Rule 23 requires the Court to determine whether the Settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To assess the fairness of a class settlement, Ninth Circuit courts consider factors including: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of future litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of class members to the proposed settlement. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)).

The 2018 revisions to Rule 23 similarly provide that courts should consider whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;

    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

## IV. FINDINGS AND ORDERS

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

2. <u>Settlement Agreement.</u> The Settlement Agreement and the settlement set forth therein are finally approved. The Settlement Agreement is incorporated herein.

3. <u>Final Settlement Approval.</u> The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. In particular, the Court finds that the settlement was reached following meaningful discovery and investigation conducted by Plaintiffs; that the settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the parties; and that the terms of the settlement are in all respects fair, adequate, and reasonable.

4. In so finding, the Court has considered the evidence presented, including the strength of Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; whether the injunctive relief proposed by the settlement accomplishes Plaintiffs' litigation objectives; the extent of investigation and discovery completed; and the experience and views of counsel. The parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the parties have agreed.

5. <u>No Admission of Liability.</u> The Settlement Agreement is not an admission by Defendants or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendants or any other released party. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor

any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendants or any released party.

6. <u>Certification of the Settlement Class for Purposes of Settlement.</u> The Court further finds, upon enhanced scrutiny, that certification of the Settlement Class is warranted for purposes of settlement. *See* Fed. R. Civ. P. 23(e)(1)(B)(ii). The Court finally certifies the following class:

> All persons in California who purchased one or more Products from www.iCanvas.com or www.iCanvasArt.com, during the Class Period, at a discount from a higher reference price.
>
> Excluded from the Settlement Class are governmental entities; counsel of record (and their respective law firms) for the Parties; Defendants and any of their parents, affiliates, subsidiaries, independent service providers and all of their respective employees, officers, and directors; and the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff.
>
> The Class Period is January 1, 2016 through January 16, 2025.

7. <u>Rule 23(a) Considerations.</u> Pursuant to Fed. R. Civ. P. 23(a), the Court finds for settlement purposes that: (a) the Settlement Class certified herein consists of thousands of persons, and joinder of all such persons would be impracticable; (b) there are questions of law and fact that are common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Class is superior to other available means of adjudicating this dispute; and (e) Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

8. <u>Rule 23(b) Considerations.</u> The Court finds that final certification of the Settlement Class is appropriate under Fed. R. Civ. P. 23(b)(2). First, California law provides for injunctive relief, and Plaintiffs seek such relief in their complaint. Second,

the injunctive relief sought applies generally to the class, as Plaintiffs seek an order from the Court requiring Defendants to comply with the relevant consumer protection laws by making changes to its advertising. This relief redresses the classwide injury of allegedly misleading advertising, relief that would otherwise be unobtainable absent an injunction.

9. <u>Class Representatives.</u> Plaintiffs Tal Nelkin and Melissa Cuevas are suitable representatives, and are hereby finally appointed the Class Representatives for the Settlement Class. The Court finds that Plaintiffs' investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Settlement Class, and that their interests are aligned with those of the Settlement Class

10. <u>Class Counsel.</u> The Court finally appoints Alexander E. Wolf and Milberg Coleman Bryson Phillips Grossman PLLC as Settlement Class Counsel. The Court finds that counsel have experience litigating, certifying, and settling class actions, and will serve as adequate counsel for the Settlement Class.

11. <u>No Class Notice Ordered.</u> "When a class is certified under Rule 23(b)(2) and only provides for injunctive relief, no notice of class certification is required." *Kline*, No. 15-CV-2348-AJB-RBB, 2016 WL 6026330, at *6; *Padilla*, 2021 WL 4902398, at *4 (same). Here, notice to the Settlement Class of the settlement is not necessary because under the settlement, the Settlement Class releases only those claims they may have for injunctive relief—relief they will receive through the settlement—but not claims for money damages. The Court therefore previously exercised its discretion and did not direct notice because the settlement does not alter the unnamed class members' legal rights. Dkt. 65; *Lilly*, 2015 WL 1248027, at *8–9 (concluding that class notice of settlement not necessary because "even if notified of the settlement, the settlement class would not have the right to opt out from the injunctive settlement and the settlement does not release the monetary claims of class members").

12. <u>Class Action Fairness Act Notice</u>. Notice to government officials was given pursuant to 28 U.S.C. § 1715.

13. <u>Releases</u>. The releases set forth in Paragraph 5 of the Settlement Agreement are expressly incorporated herein. The releases are effective as of the Final Effective Date, and the Releasing Parties shall have absolutely and unconditionally released and forever discharged the Released Parties from the Released Claims. In addition, the Released Parties are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties.

14. Given the injunctive nature of the settlement, there is no right for the Settlement Class members to opt out or otherwise exclude themselves from the Settlement Agreement. All Settlement Class Members are bound by the Settlement Agreement and the Final Approval Order, including the releases.

15. <u>Attorneys' Fees and Expenses</u>. The Court finds that an award of attorneys' fees in the amount of <u>$185,410.42</u> and reimbursement of costs and expenses in the amount of <u>$9,589.58</u> (for a combined total of $195,000) to Class Counsel is fair and reasonable; and therefore, approves such award. This award shall be paid pursuant to the schedule in the Settlement Agreement.

16. <u>Service Awards</u>. The Court finds that a Service Award in the amount of <u>$5,000</u> to each of the two Class Representatives is fair and reasonable; and therefore, approves such payment. These awards shall be paid to the Class Representatives pursuant to the schedule in the Settlement Agreement.

17. <u>Dismissal with Prejudice</u>. This Action is dismissed with prejudice.

18. <u>Jurisdiction</u>. Consummation of the Settlement Agreement shall proceed as described in the Settlement Agreement, and the Court reserves jurisdiction over the subject matter and each Party to the settlement with respect to the interpretation and implementation of the Settlement Agreement for all purposes, including enforcement

of any of the terms thereof at the instance of any Party and resolution of any disputes that may arise relating to the implementation of the settlement or this Order.

19. The Parties are directed to implement the Settlement Agreement in accordance with its terms. The Clerk shall close this file.

**IT IS SO ORDERED**. (JS-6)

Dated: March 31, 2025

_____
HONORABLE KENLY KIYA KATO
Unites States District Judge